IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEILA JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-cv-00338 |
| v. ) | |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Bryant |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is Plaintiff Leila Jordan's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") (Doc. No. 23), filed with a Memorandum in Support (Doc. No. 23-1), an affidavit of Plaintiff's attorney (Doc. No. 23-2), and an Assignment of EAJA Fee (Doc. No. 23-3). Plaintiff's counsel seeks $4,208.40 in attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A) . (Doc. No. 23 at 1.) Plaintiff filed her Motion on November 23, 2013, and to date, Defendant Commissioner of Social Security has not filed a response.

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files for the fees within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(A)–(B) (2012). Federal Rule of Appellate Procedure 4(a) provides parties sixty days following the entry of judgment for to appeal in civil suits to which a federal officer is a party, after which, the judgment becomes final. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). In social security cases, a sentence of remand to the Commissioner by the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Shalala*, 509 U.S. at 301.

1

Here, on September 27, 2013, the Court granted Defendant's motion to remand the case to the Commissioner for further proceedings. (Doc. No. 18.) Plaintiff filed the instant Motion on November 23, 2013. (Doc. No. 23.) Mr. Bryant's attorney requests $4,208.40 in fees, based on 25.05 hours of work at a rate of $168.00 per hour. (Doc. No. 23-2 at 3–4.)

The Court finds that $4,208.40 is a reasonable award for the work performed by Plaintiff's counsel. Accordingly, the Motion (Doc. No. 23) is **GRANTED**; the award shall be paid to Plaintiff's attorney, subject to any applicable offsets for pre-existing debt Plaintiff owes the Government. By this Order, Defendant's Motion to Stay Because of Lapse of Appropriations (Doc. No. 19) is **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the __28th__ day of March, 2014.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT